FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**November 30, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

_____

HUNTER ADAM MELNICK,

    Plaintiff - Appellant,

v.

JOHN CAMPER, Director of Colorado
Bureau of Investigation, in his official
capacity,

    Defendant - Appellee.

No. 20-1417
(D.C. No. 1:18-CV-02885-CMA-KLM)
(D. Colo.)

_____

**ORDER AND JUDGMENT***
_____

Before **MATHESON**, **BRISCOE**, and **PHILLIPS**, Circuit Judges.
_____

Hunter Melnick is a convicted sex offender who challenges the

constitutionality of Colorado's Sex Offender Registration Act ("CSORA") on several

grounds. The district court, in a thorough and well-reasoned opinion applying

Supreme Court and circuit precedent, dismissed Melnick's complaint for failure to

state a claim under Federal Rule of Civil Procedure 12(b)(6). As the district court

---

   * After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

explained, many of Melnick's allegations stem from a misreading of CSORA.

Melnick appeals that dismissal pro se and raises nearly all the same arguments he

raised in the district court. Yet, none of Melnick's arguments point us to legal errors

warranting reversal.[1] So, upon review of the record de novo and exercising

jurisdiction under 28 U.S.C. § 1291, we affirm the judgment for substantially the

same reasons stated by the district court.[2]

<div style="margin-left: 50%;">

Entered for the Court


Gregory A. Phillips
Circuit Judge

</div>

---

[1] As a pro se litigant, we must liberally construe Melnick's pleadings, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), without acting as his advocate, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] We also deny Melnick's motion to supplement the record.